**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ROBERT ALFANO,

                            Plaintiff,                     **ORDER**

                - against -

                                                        CV 06-3511 (NG) (JO)

NATIONAL GEOGRAPHIC
CHANNEL, et al.,

                            Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        Pursuant to my September 6, 2007 minute order, DE 67, defendants NGHT, Inc. and NGC Network US, LLC (collectively "NG") have submitted certain e-mails to me for *in camera* review of their assertion of privilege. All three e-mails were sent on the same day, I therefore refer to them individually by the time at which each was sent. I conclude that the first of the three messages (sent at 12:16 p.m.) is a communication between a corporate employee and the corporation's in-house counsel for the purpose of providing information on which to base legal advice. It is therefore protected by the attorney client privilege. *See In re Six Grand Jury Witnesses*, 979 F.2d 939, 943-44 (2d Cir. 1992) (noting that for corporate clients, the privilege extends to communications between a corporate employee and a lawyer for purposes of providing information to the lawyer) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 391-95 (1981) (determining that, where applicable, the privilege protects communications to a lawyer not only from upper-echelon management but from all corporate employees)).[1]

        As to the second and third messages (sent at 1:32 p.m. and 3:38 p.m., respectively), I conclude that any otherwise applicable privilege has been waived. Both e-mails are

---

[1] While NG is thus within its rights to withhold the document, it may of course choose to waive the privilege and disclose the document to the extent it concludes that doing so would advance its theory of the case.

communications between corporate employees and persons outside the corporation. There is no evidence that the recipients of those e-mails were retained by counsel for the purpose of assisting in the rendering of legal advice. *In re John Doe Corp.*, 675 F.2d 482, 488 (2d Cir. 1982) (disclosure of communications to entity outside corporation not acting under authority of counsel waives privilege). I therefore order NG to disclose those two e-mails to the plaintiff without delay.

**SO ORDERED.**

Dated: Brooklyn, New York
September 25, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge